

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE NAPSTER, INC., COPYRIGHT LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, LOUIS C. BECHTLE, JOHN F. KEENAN, WM. TERRELL HODGES,[*] MOREY L. SEAR, BRUCE M. SELYA AND JULIA SMITH GIBBONS, JUDGES OF THE PANEL*

## TRANSFER ORDER

This litigation presently consists of the five actions listed on the attached Schedule A and pending in three districts as follows: two actions each in the Central and Northern Districts of California and one action in the Southern District of New York.[1] Napster, Inc., the sole remaining defendant in the actions, moves the Panel, pursuant to 28 U.S.C. §1407, to centralize the actions in the Northern District of California for coordinated or consolidated pretrial proceedings. Plaintiffs in the New York action state that they do not oppose transfer. Plaintiffs in the four California actions oppose transfer.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All MDL-1369 actions present common, complex legal and factual questions concerning i) whether the distribution of digital audio music files over the Internet using Napster's software constitutes copyright infringement, and ii) the availability of defenses such as fair use, substantial non-infringing use, and users' rights to record for private, non-commercial use. Centralization under Section 1407 with respect to these actions is thus necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Opposing plaintiffs suggest that transfer should be denied because voluntary alternative coordinating efforts are preferable to Section 1407 transfer. While we applaud every cooperative effort undertaken by parties to any litigation, we observe that transfer under Section 1407 has the salutary

---

[*]Judge Hodges took no part in the decision of this matter.

[1]The Panel has been notified of two potentially related actions pending, respectively, in the Central and Northern Districts of California. In light of the Panel's disposition of this docket, these additional actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 192 F.R.D. 459, 468-70 (2000).

- 2 -

effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

We are persuaded that the Northern District of California is the appropriate transferee forum for this litigation. We note that: 1) the most advanced actions are pending in that district and the majority of the parties to this docket are already litigating there; 2) the judge assigned the Northern District of California actions has already developed a familiarity with the issues in the litigation; and 3) the district, where sole defendant Napster's headquarters is located, is likely to be the location of a significant number of documents and witnesses in this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending outside the Northern District of California be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Marilyn Hall Patel for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

/s/ John F. Nangle
John F. Nangle
Chairman

ENTERED
CLERK, U.S. DISTRICT COURT

OCT 23 2000

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# SCHEDULE A

### MDL-1369 -- In re Napster, Inc., Copyright Litigation

### Central District of California

*Metallica, et al. v. Napster, Inc., et al.*, C.A. No. 2:00-3914
*Andre Young, et al. v. Napster, Inc.*, C.A. No. 2:00-4366

### Northern District of California

*A&M Records, Inc., et al. v. Napster, Inc.*, C.A. No. 3:99-5183
*Jerry Leiber, et al. v. Napster, Inc., et al.*, C.A. No. 3:00-74

### Southern District of New York

*Teevee Toons, Inc., et al. v. Napster, Inc.*, C.A. No. 1:00-4237